UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARA TANGRETI,<br><br>   *Plaintiff*,<br><br>v.<br><br>SCOTT SEMPLE, DAVID MCNEIL, STEPHEN FAUCHER, ANTHONY CORCELLA, STEVEN BATES, CHRISTINE BACHMANN, DOUGLAS ANDREWS, and MODIKIAH JOHNSON<br><br>   *Defendants*. | No. 3:17-cv-01420 (MPS) |

**ORDER ON MOTION TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Cara Tangreti moves to amend her complaint in order to make several minor substantive and stylistic changes. (ECF No. 37.) Under Fed. R. Civ. P. 15(a)(2), a party may amend its complaint more than 21 days after service only with the consent of the opposing party or with leave of the Court. The rule instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "[a]bsent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

Defendants consent to the majority of Tangreti's amendments, but object to her request to add a clause to one paragraph. The paragraph, with the contested addition italicized, reads:

> The sexual abuse and harassment inflicted on Cara, and allowed and encouraged by the defendants, did cause severe physical and psychological harm, including, but not limited to: fear of being impregnated by Gillette; infection with vaginal herpes by one or more of her assaulters; *infection of her minor daughter with herpes*; terrifying nightmares; anxiety; depression; and severe and chronic Post Traumatic Stress Disorder.

(ECF No. 37-1 ¶ 117.)

Defendants argue that this addition would be futile because Tangreti does not have standing to add a claim based on her minor daughter's infection. They assert that the infection is not an injury that Tangreti herself suffered and third-party standing is disfavored. *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 80 (1978). Their argument is unavailing. To meet the standing requirements of Article III, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Tangreti does not bring the claim on her daughter's behalf, but rather seeks damages for the psychological harm she has suffered *personally* as a result of her daughter's infection. Indeed, her daughter's infection is listed among six other items in the same paragraph that Tangreti alleges have caused her "physical or psychological harm." (ECF No. 37-1 ¶ 117.) Thus, regardless of whether Tangreti would have standing to collect damages for her daughter's pain and suffering, she may seek damages for the psychological harm she herself suffered when she allegedly passed the infection she contracted during her sexual assault on to her daughter.

Next, Defendants argue that Tangreti's claim is futile because it does not meet the requirements in Connecticut for bystander emotional distress. Defendants mischaracterize the proposed amendment. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). I thus apply the same standard as I would in considering such a motion, taking the plaintiff's factual allegations "to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).[1] A plaintiff seeking damages for bystander emotional distress must show that he or she witnessed a

---

[1] I do not express an opinion on the merits of any later motion to dismiss the complaint. The parties have briefed the merits of one specific clause in isolation, and I consider only those arguments raised in their briefs.

tortfeasor causing serious bodily injury to another person with whom the plaintiff had a close familial relationship and suffered severe distress as a result. *See Squeo v. Norwalk Hosp. Ass'n*, 316 Conn. 558, 571 (2015). Tangreti's theory, however, is more direct. She alleges that Defendants caused her to become infected with vaginal herpes by failing to prevent her sexual assaults. She then suffered additional psychological anguish when she passed the infection to her daughter. While Defendants contend that the chain of causation from their failure to protect Tangreti from sexual assault to her daughter's infection is attenuated, it is not so attenuated that the amendment is futile. Tangreti will need to convince a jury that the Defendants' conduct proximately caused the psychological trauma she suffered when she passed the infection to her daughter. She need not and does not make any recourse to Connecticut's doctrine of bystander emotional distress. *See Krayeski v. Greenwich Hosp.*, No. FSTCV146022177S, 2015 WL 9595345, at *8 (Conn. Super. Ct. Nov. 24, 2015) (holding that plaintiff suing for emotional distress caused by harm to her daughter from medical malpractice during childbirth did not have to establish the elements for bystander emotional distress because the "longstanding principals governing negligence and medical malpractice" supported defendants' liability).

For the foregoing reasons, Tangreti's motion to amend her complaint is GRANTED. Defendants shall have fourteen days from the posting of this order to file a responsive pleading or pre-answer motion.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        October 9, 2018